IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

v.

GHENET MARU MESFUN,
    a/k/a Ghenet Ghebremichael Mesfun,
JOSEPH Y. MESFUN,
    a/k/a Yosief Mesfun,
    a/k/a Yosef Mesfun,
    a/k/a Yemane Mesfun,
        Defendants.

Criminal No. 05-858(WHW)

The Grand Jury in and for the District of New Jersey, sitting in Newark, charges:

## COUNT ONE

[18 U.S.C. § 371 Conspiracy]

### A. Defendants and Victims

1. At times relevant to this Indictment, the defendants, GHENET MARU MESFUN and JOSEPH Y. MESFUN were husband and wife of one another.

2. At times relevant to this Indictment, the defendants, GHENET MARU MESFUN and JOSEPH Y. MESFUN were Tigrinya-speaking Eritreans, who had become naturalized U.S. citizens.

3. At times relevant to this indictment, the victim, E.S., was an illiterate, Tigrinya-speaking Eritrean who entered the United States on a visitor's visa that expired in 1993.

1

### B. Conspiracy

4. Beginning in or about 1992, and continuing through in or about July 2003, in Essex County in the District of New Jersey and elsewhere, the defendants, GHENET MARU MESFUN and JOSEPH Y. MESFUN, did knowingly and willfully conspire and agree with one another and others to commit certain offenses against the United States, specifically:

    a. To conceal, harbor, and shield E.S. from detection, for the purpose of commercial advantage and private financial gain, knowing or in reckless disregard of the fact that E.S. was remaining in the United States illegally, contrary to Title 8, United States Code, § 1324(a)(1)(A)(iii); and

    b. To provide and obtain the labor and services of E.S. by means of a scheme, plan, and pattern intended to cause E.S. to believe that, if she did not provide such labor and services, she would suffer serious harm and physical restraint, contrary to Title 18, United States Code, Section 1589(2); and

    c. To hold the victim, E.S., in a condition of involuntary servitude for a period of time as a domestic servant in their home, contrary to Title 18, United States Code, Section 1584.

### C. Object

5. It was the object of the conspiracy to recruit the victim from Eritrea to the United States, and compel her to perform and continue performing domestic labor and services in their home in Essex County in the District of New Jersey.

## D. Manner and Means

6. It was part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN used a scheme of isolation, intimidation, and control to compel E.S. to remain in their service in their home for over ten years.

7. It was a further part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN required E.S. to perform domestic work and child care duties from early in the morning until late at night, seven days per week.

8. It was a further part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN isolated E.S. from her family and from outsiders.

9. It was a further part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN used threats and physical assaults to intimidate and coerce E.S..

10. It was a further part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN held E.S.'s pay in an account in Joseph Mesfun's name, depriving her of access to her earnings.

11. It was a further part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN failed to provide E.S. access to adequate medical care.

12. It was part of the conspiracy that the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN sought to conceal E.S.'s status as a domestic servant by falsely referring to her as a relative of theirs, by asking others to falsely refer to her as a relative of theirs, and by asking others to falsely deny that she was working in their home.

## E. <u>Overt Acts</u>

13. In furtherance of the conspiracy and to effect the objects thereof, the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN committed and caused to be committed at least one of the following overt acts, among others, within Essex County in the District of New Jersey and elsewhere:

   a. In or about 1992, GHENET MARU MESFUN and JOSEPH Y. MESFUN requested the assistance of friends and family in Eritrea to help them locate and obtain an appropriate person from Eritrea to serve as a domestic servant in their home in the United States.

   b. In or about August 1992, the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN met E.S. at the airport upon her arrival in the United States, then transported her to their home.

   c. Beginning in or about August 1992, and continuing through in or about July 2003, the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN restricted E.S.'s access to the telephone.

   d. Beginning in our about September 1992 and continuing at various monthly intervals thereafter through in or about 2003, defendant JOSEPH Y. MESFUN deposited sums of $100.00 to $130.00, purporting to be E.S.'s monthly earnings, in bank accounts held in his own name.

   e. Beginning in our about 1992 and continuing at various times through in or about 2003, defendant GHENET MARU MESFUN physically assaulted E.S..

   f. Beginning in or about 1992 and continuing at various times through in or about 2003,

4

defendant GHENET MARU MESFUN threatened E.S. with physical harm, destitution, arrest, and deportation if E.S. did not continue to comply with defendant GHENET MARU MESFUN's demands.

g. Between in or about 1993 and in or about 1996, defendant JOSEPH Y. MESFUN sexually assaulted E.S.

h. In or about 2001, defendant JOSEPH Y. MESFUN refused to disclose his address to a relative of E.S. who requested the opportunity to visit E.S..

i. In or about 2001, defendant JOSEPH Y. MESFUN threatened to create immigration problems for a relative of E.S. who inquired about the defendants' treatment of E.S..

j. In or about April 2003, defendant JOSEPH Y. MESFUN used a false return address in sending a portion of E.S.'s earnings to her family.

k. Beginning in or about August 1992 and continuing through in or about July 2003, the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN continued to obtain the labor and services of E.S. in their home.

l. In or about July 2003, after federal agents removed E.S. from the defendants' home, defendant GHENET MARU MESFUN placed a call to a relative of E.S. asking the relative to hide E.S. from authorities and asking the relative to falsely state that E.S. was a relative of GHENET MARU MESFUN and JOSEPH Y. MESFUN who was not working for GHENET MARU MESFUN and JOSEPH Y. MESFUN.

All in violation of section 371 of Title 18 of the United States Code.

## COUNT TWO

[8 U.S.C. § 1324(A)(1)(a)(iii) Alien Harboring for
Commercial Advantage and Private Financial Gain]

1. Paragraphs One through Three and Five through Thirteen of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. From in or about August 1992 through in or about July 2003, in Essex County in the District of New Jersey and elsewhere, defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN, while aiding and abetting one another, knowingly and in reckless disregard of the fact that E.S. had come to, entered, and remained in the United States in violation of law, knowingly concealed, harbored, and shielded E.S. from detection by immigration and other law enforcement authorities, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Section 1324(A)(1)(a)(iii), and Title 18, United States Code, Section 2.

## COUNT THREE

[18 U.S.C. § 1584 Involuntary Servitude]

1. Paragraphs One through Three and Five through Thirteen of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. From in or about August 1992 through in or about July 2003, in Essex County in the District of New Jersey and elsewhere, the defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN did knowingly and willfully hold E.S. in a condition of involuntary servitude for a term.

All in violation of Title 18, United States Code, Sections 1584 and 2.

7

## **COUNT FOUR**

[18 U.S.C. § 1589 Forced Labor]

1. Paragraphs One through Three and Five through Thirteen of Count One of this Indictment are hereby realleged and incorporated by reference as though fully set forth herein.

2. From on or about October 29, 2000, through in or about July 2003, in Essex County in the District of New Jersey and elsewhere, defendants GHENET MARU MESFUN and JOSEPH Y. MESFUN, while aiding and abetting one another, unlawfully and knowingly did provide and obtain the labor and services of E.S. by means of a scheme, plan, and pattern intended to cause E.S. to believe that, if she did not perform such labor or services, she would suffer serious harm and physical restraint.

All in violation of Title 18, United States Code, Sections 1589(2) and 2.

## COUNT FIVE

[18 U.S.C. § 1512 Obstruction]

On or about July 1, 2003, in Essex County in the District of New Jersey and elsewhere, defendant GHENET MARU MESFUN did knowingly and willfully corruptly persuade T.S., and did attempt to do so, by asking that T.S. conceal and misrepresent information about E.S., with the intent to hinder, delay, and prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense, to wit: the violations set forth in Counts One through Four of this Indictment.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

## COUNT SIX

[18 U.S.C. § 1512 Obstruction]

On or about July 1, 2003, in Essex County in the District of New Jersey and elsewhere, defendant GHENET MARU MESFUN did knowingly and willfully corruptly persuade W.S., and did attempt to do so, by asking that W.S. conceal and misrepresent information about E.S., with the intent to hinder, delay, and prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense, to wit: the violations set forth in Counts One through Four of this Indictment.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 2.

## COUNT SEVEN

[18 U.S.C. § 875 Threats]

On or about August 24, 2004, defendant GHENET MARU MESFUN, in Essex County in the District of New Jersey and elsewhere, did knowingly and intentionally transmit in interstate commerce, from the State of New Jersey to the State of South Dakota, a telephone communication to G.S., which telephone communication contained a threat to injure the person of G.S. and others.

All in violation of Title 18, United States Code, Sections 875(c) and 2.

## COUNT EIGHT

[18 U.S.C. § 875 Threats]

On or about August 24, 2004, defendant GHENET MARU MESFUN, in Essex County in the District of New Jersey and elsewhere, did knowingly and intentionally transmit in interstate commerce, from the State of New Jersey to the State of Indiana, a telephone communication, which telephone communication contained a threat to injure the person of T.S. and others.

All in violation of Title 18, United States Code, Sections 875(c) and 2.

DATED: December 2, 2005, at Newark, New Jersey.

                                                      A TRUE BILL,

                                                      _____

                                                      FOREPERSON, GRAND JURY

*[signature: David L. Allred]*
DAVID L. ALLRED
Acting Chief
Criminal Section
Civil Rights Division
United States Department of Justice

CASE NUMBER: _____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

GHENET MARU MESFUN,
a/k/a Ghenet Ghebremichael Mesfun,

JOSEPH Y. MESFUN,
a/k/a Yosief Mesfun,
a/k/a Yosef Mesfun,
a/k/a Yemane Mesfun.

# INDICTMENT FOR

8 U.S.C. Section 1324(A)(1)(a)(iii),
18 U.S.C. Sections 2, 371, 875,
1512, 1584, and 1589

A True Bill,

_____
Foreperson

_____
DAVID L. ALLRED
ACTING CHIEF, CRIMINAL SECTION
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

HILARY AXAM
TRIAL ATTORNEY
CIVIL RIGHTS DIVISION
UNITED STATES DEPARTMENT OF JUSTICE
202-514-3204

USA-48AD 8
(Ed. 1/97)